**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Gary S. Lee (GL6049)
Kathleen E. Schaaf (KS6925)

*Attorneys for the Petitioner*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | |
| | : | In a Case Under Chapter 15 |
| MINSTER INSURANCE COMPANY LIMITED, | : | of the Bankruptcy Code |
| | :: | |
| | : | Case No. 10-13899 |
| Debtor in a Foreign Proceeding. | : | |
| | : | |

| | | |
|---|---|---|
| In re | : | |
| | : | In a Case Under Chapter 15 |
| MALVERN INSURANCE COMPANY LIMITED, | : | of the Bankruptcy Code |
| | : | |
| | : | Case No. 10-13900 |
| Debtor in a Foreign Proceeding. | : | |
| | : | |

**MOTION FOR AN ORDER DIRECTING JOINT ADMINISTRATION**
**OF CHAPTER 15 CASES PURSUANT TO 11 U.S.C. § 1521**

James Lee Saitch, in his capacity as the duly authorized foreign representative (the "Petitioner") of Minster Insurance Company Limited ("Minster") and Malvern Insurance Company Limited ("Malvern") (collectively, the "Companies"), debtors in a proceeding (the "English Proceeding") currently pending before the High Court of Justice of England and Wales (the "English Court"), by his U.S. counsel, Morrison & Foerster LLP, respectfully states:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States

District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2. Venue is properly located in this District pursuant to 28 U.S.C. § 1410.

## BACKGROUND

3. The Petitioner, as foreign representative of the Companies, has commenced the above Chapter 15 cases (the "Chapter 15 Cases") pursuant to section 1504 of the Bankruptcy Code by filing, for both Chapter 15 Cases, a Chapter 15 petition (collectively, the "Petitions") contemporaneously with, and accompanied by, all certifications, statements, lists and documents required pursuant to section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). With respect to the Companies, the Petitioner seeks recognition of foreign main proceedings, as defined in section 1502(4) of the Bankruptcy Code, as well as a permanent injunction and related relief.

4. The Companies underwrote insurance and reinsurance, but each is now in runoff.

5. When insurance companies enter into run-off, they cease writing new business and seek to determine, settle and pay all liquidated claims of their insureds either as they arise or, if possible, before they arise. Typically, run-off can take 20 or more years to complete. The Petitioner estimates that in the ordinary course, it would take many years to complete the run-off of the business of each of the Companies. The Companies concluded that it would be appropriate and administratively beneficial to promote solvent schemes of arrangement to bring finality to the business of the Companies.

6. Accordingly, to shorten the time period for the run-off of the Companies, to reduce administrative costs and to terminate the business of the Companies in a unified and coordinated manner, the Companies each proposed a scheme of arrangement under English law (the "Schemes of Arrangement"). Minster and Malvern are solvent, and anticipate that all claims addressed by the Schemes of Arrangement will be paid in full in an estimated amount, subject to a time-value discount, in accordance with the Schemes of Arrangement.

7. The Schemes of Arrangement for the Companies were filed in the High Court of Justice of England and Wales (the "English Court") on July 17, 2009. On March 16, 2010, the English Court issued the Sanction Orders, which approved the Minster and Malvern Schemes of Arrangement. Copies of the Sanction Orders were delivered to the Registrar of Companies in England and Wales on March 25, 2010 and the Schemes of Arrangement became effective on that date (the "Effective Date"). The Final Claims Submission Date, by when all Scheme Creditors must submit their scheme claims in accordance with the Schemes of Arrangement, is September 21, 2010.

8. By the Petition, the Petitioner, as the foreign representative of the Companies, seeks, pursuant to Chapter 15 of the Bankruptcy Code, entry of an order, substantially in the form of the proposed Order Granting Recognition of Foreign Proceedings, a Permanent Injunction and Related Relief (the "Proposed Order") annexed to the Verified Petition as Exhibit G granting (i) recognition of foreign proceedings, (ii) a permanent injunction, and (iii) other related relief including, among other things, giving full force and effect to the Schemes of Arrangement in the United States.

## RELIEF REQUESTED

9. By this motion, the Petitioner seeks entry of an order, substantially in the form annexed hereto as Exhibit A, directing the joint administration of the Chapter 15 Cases for procedural purposes only.

10. The Petitioner requests that such relief apply generally to both Chapter 15 Cases and that any pleadings filed after the date hereof bear the following joint administration caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                          :
                                               :    In a Case Under
MINSTER INSURANCE COMPANY                      :    Chapter 15 of the
LIMITED and MALVERN INSURANCE                  :    Bankruptcy Code
COMPANY LIMITED,                               :
                                               :    Case Nos. 10-13899 (___)
                                               :    and 10-13900 (___)
                                               :    (Jointly Administered)
Debtors in a Foreign Proceeding.               :
-------------------------------------------------------------------x
```

The Petitioner requests that no information beyond that set forth above be required.

11. The Petitioner also seeks this Court's direction that a notation substantially similar to the following be entered on the docket in both Chapter 15 Cases to reflect the joint administration of these cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of Minster Insurance Company Limited and Malvern Insurance Company Limited; the docket in Case No. 10- ___ (___) should be consulted for all matters affecting this case.

4

## **JOINT ADMINISTRATION IS WARRANTED**

12. Section 1519 of the Bankruptcy Code permits this Court upon the filing of a petition under Chapter 15 to grant relief, including appropriate relief under section 1521(a)(7) of the Bankruptcy Code, where "urgently needed to protect the assets of the debtor or interests of creditors." 11 U.S.C. § 1519. Section 1521(a)(7) of the Bankruptcy Code permits this Court, upon request of a foreign representative to grant any "additional relief that may be available to a trustee," which would include joint administration. 11 U.S.C. § 1521. The Petitioner respectfully submits that joint administration of the Chapter 15 Cases is necessary to protect the assets of the Companies and the interests of creditors.

13. By separate application, the Petitioner intends to request, in accordance with section 1517 of the Bankruptcy Code, that this Court set a date for the hearing on the Petition and his request for recognition of the Schemes of Arrangement, a permanent injunction and related relief at the earliest time possible.

14. Bankruptcy Rule 2002(q)(1) provides that parties are to be given 20 days' notice of a hearing to consider granting the relief requested in a Chapter 15 petition. See FED. R. BANKR. PROC. 2002 (q)(1). In order to ensure that the Scheme Creditors in the United States (the "U.S. Scheme Creditors") and other parties in interest have proper and sufficient notice (including by way of publication) of the hearing to consider recognition, the Petitioner respectfully submits that the relief requested is urgently needed, particularly in view of the September 21, 2010 bar date. Any delay in joint administration could delay the preparation, publication and service of notice.

15. The Petitioner respectfully submits that joint administration would protect the assets of the Companies and the interests of creditors. If joint administration is ordered, the Petitioner will be able to preserve assets and avoid considerable unnecessary time and expense, by obviating the necessity for filing duplicative motions, requesting duplicate orders and forwarding duplicate notices to U.S. Scheme Creditors and parties-in-interest in the Chapter 15 Cases.

16. Additionally, joint administration will be less expensive and more efficient than the separate administration of the Companies' estates because joint administration will permit the Court to use a single docket for all the Chapter 15 Cases and to combine notices to U.S. Scheme Creditors and other parties in interest of the Companies. Indeed, due to the nature of this case, the Petitioner anticipates that the pleadings in these Chapter 15 Cases will affect both Companies and their U.S. Scheme Creditors. Thus, joint administration will avoid a duplicative and potentially confusing filing process.

17. Furthermore, the interests of U.S. Scheme Creditors will not be adversely affected because this motion requests only administrative consolidation of the Chapter 15 Cases. All U.S. Scheme Creditors and other parties in interest will retain whatever claims, interests, or other rights they have in or against Minster and/or Malvern and their estate. Indeed, the joint administration of the cases will ensure that all U.S. Scheme Creditors may look to one bankruptcy case docket to file their motions or claims or otherwise seek redress against either Company.

## NOTICE

18. The Petitioner requests that the Court grant this motion without notice to creditors. The Petitioner will serve notice of the entry of the signed order approving this motion on U.S. Scheme Creditors and other parties in interest located in the United States. In light of the nature of the relief requested, the Petitioner submits, and requests that this Court hold, that no further notice is required.

19. This application does not raise any novel issues of law and, accordingly, the Petitioner respectfully requests that the requirement for submission of a memorandum of law be waived.

20. No prior request for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Petitioner respectfully requests that the Court grant the motion and order the joint administration of the Chapter 15 Cases pursuant to 11 U.S.C. § 1521, and such other and further relief as the Court deems appropriate.

Dated: New York, New York
July 19, 2010

MORRISON & FOERSTER LLP

By: /s/ Gary S. Lee
Gary S. Lee (GL6049)
Kathleen E. Schaaf (KS6925)
Attorneys for the Petitioner
1290 Avenue of the Americas
New York, NY 10104
(212) 468-8042

7

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | : | |
|---|---|---|
| In re | : | In a Case Under Chapter 15 |
| | : | of the Bankruptcy Code |
| MINSTER INSURANCE COMPANY LIMITED, | : | |
| | : | Case No. 10-13899 |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |
| | : | |
| In re | : | |
| | : | In a Case Under Chapter 15 |
| | : | of the Bankruptcy Code |
| MALVERN INSURANCE COMPANY LIMITED, | : | |
| | : | Case No. 10-13900 |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |

## ORDER DIRECTING JOINT ADMINSTRATION OF
## CHAPTER 15 CASES PURSUANT TO 11 U.S.C. § 1521

Upon the motion (the "Motion") of James Lee Saitch, in his capacity as the foreign representative (the "Petitioner") of Minster Insurance Company Limited ("Minster") and Malvern Insurance Company Limited ("Malvern") (collectively, the "Companies") for an order pursuant to 11 U.S.C. § 1521 directing the joint administration of the above-captioned cases (the "Chapter 15 Cases") for procedural purposes only, and upon consideration of the Motion and the arguments contained therein, and the Court having determined that no other or further notice need be given and sufficient cause appearing therefore, it is hereby

**ORDERED**, that the Chapter 15 Cases shall be jointly administered, for procedural purposes only, in accordance with the terms of this Order, and it is further

**ORDERED**, that the caption of the jointly administered Chapter 15 Cases shall be as follows:

ny-808921

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
In re                                                                :
                                                                :   In a Case Under
MINSTER INSURANCE COMPANY                     :   Chapter 15 of the
LIMITED and MALVERN INSURANCE       :   Bankruptcy Code
COMPANY LIMITED,                                             :
                                                                :   Case Nos. 10-13899 (___)
                                                                :   and 10-13900 (___)
                                                                :   (Jointly Administered)
Debtors in a Foreign Proceeding.                   :
                                                                :
---------------------------------------------------------------------x

and it is further

      **ORDERED**, that all original docket entries shall be made in the case of Minster Insurance Company Limited, Case No. 10-13899 (___) and that the Clerk of this Court be, and the Clerk hereby is, directed to forthwith make separate docket entries with respect to each of the Chapter 15 Cases substantially as follows:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of Minster Insurance Company Limited and Malvern Insurance Company Limited; the docket in Case No. 10-13899 (___) should be consulted for all matters affecting this case.

and it is further

      **ORDERED**, that the requirement under Local Bankruptcy Rule 9013-1(b) for the filing of a memorandum of law be, and it hereby is, waived.

Dated:  New York, New York
                _____, 2010

                                                                                         UNITED STATES BANKRUPTCY JUDGE