**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Gary S. Lee (GL6049)
Kathleen E. Schaaf (KS6925)

*Attorneys for the Petitioner*

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | |
| | : | In a Case Under Chapter 15 |
| | : | of the Bankruptcy Code |
| MINSTER INSURANCE COMPANY LIMITED, | : | |
| | : | Case No. 10-13899 |
| Debtor in a Foreign Proceeding. | : | |
| In re | : | |
| | : | In a Case Under Chapter 15 |
| | : | of the Bankruptcy Code |
| MALVERN INSURANCE COMPANY LIMITED, | : | |
| | : | Case No. 10-13900 |
| Debtor in a Foreign Proceeding. | : | |

**APPLICATION FOR ORDER SCHEDULING HEARING AND
SPECIFYING THE FORM AND MANNER OF SERVICE OF NOTICE**

JAMES LEE SAITCH, in his capacity as the duly authorized foreign representative (the "Petitioner") of Minster Insurance Company Limited ("Minster") and Malvern Insurance Company Limited ("Malvern") (collectively, the "Companies"), debtors in a proceeding (the "English Proceeding") currently pending before the High Court of Justice of England and Wales (the "English Court"), by his U.S. counsel, Morrison & Foerster LLP, respectfully submits this application (the "Application") for an order (i) scheduling a hearing on the relief sought in the Verified Petition for Recognition of a Foreign Main Proceeding and Motion for a Permanent

ny-796748

Injunction and Related Relief Pursuant to 11 U.S.C. §§ 1504, 1515, 1517, 1520 and 1521 (the "Petition and Motion") filed simultaneously herewith, and (ii) specifying the form and manner of service of notice thereof.  In support of the Application, Petitioner respectfully represents as follows:

## PRELIMINARY STATEMENT

1. Petitioner commenced these Chapter 15 cases pursuant to section 1504 of title 11 of the United States Code (the "Bankruptcy Code") by filing the Petition and Motion with, and accompanied by, all certifications, statements, lists and documents required by section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  By the Petition and Motion, Petitioner seeks recognition of the English Proceeding as a foreign main proceeding and related relief under sections 1520 and 1521 of the Bankruptcy Code.

2. As set forth below and in the Declaration of James Lee Saitch in support of the Petition and Motion (the "Saitch Declaration"), dated July 15, 2010 and filed contemporaneously herewith:

   a. a foreign proceeding respecting the Companies was duly commenced and is currently before the English Court;

   b. Minster and Malvern are each incorporated under the laws of England and Wales and has a registered office in the London, England;

   c. The Petitioner is duly authorized to serve as foreign representative and to petition for relief under Chapter 15 of the Bankruptcy Code; and

   d. The Petitioner is entitled to the relief requested in the Petition and Motion.

3. This Application is made pursuant to sections 105, 1514 and 1515 of the Bankruptcy Code and Bankruptcy Rules 1011(b), 2002(q), 9007 and 9008 for the entry of an order (the "Proposed Order") in the form annexed hereto as Exhibit A: (i) approving the form of notice of hearing annexed hereto as Exhibit B (the "Notice"), (ii) setting a date for a hearing on the relief sought in the Petition and Motion, and (iii) specifying the manner of service of the Notice, including by way of publication.

## BACKGROUND

**A.** <u>**Minster Insurance Company Limited**</u>

4. Minster, which is incorporated in England and Wales, is an insurance and reinsurance company that discontinued underwriting in December 2000. All business currently in Minster has been in run-off since 2000. The period of coverage for all contracts written by Minster has expired. Minster's audited financial statement for the year ended December 31, 2009 is attached to the Petition and Motion as Exhibit A and reflects that Minster is solvent.

5. Minster was incorporated on May 18, 1940, under the name of Minster Insurance Company Limited. From January 1, 1992 to December 31, 1994, Minster was known as GAN Minster Insurance Company Limited; it was renamed GAN Insurance Company Limited on January 1, 1995 and became Groupama Insurance Company Limited on June 1, 2000. From March 31, 2003 to the present, it has again been known as Minster Insurance Company Limited.

6. Minster is headquartered in London, England and its assets are primarily located in England.

7. Minster began writing insurance and reinsurance business in 1940 and, as discussed above, ceased all underwriting in 2000.

8. Minster ceased writing new business and went into run-off in 2000. Run-off describes the conduct of business solely for the purpose of running off liabilities under policies previously written, including adjusting and settling creditors' claims and collecting reinsurance recoveries due from reinsurers.

9. Because Minster expected that the run-off of its business would not be concluded for a number of years, Minster proposed a solvent scheme of arrangement pursuant to Part 26 of the U.K. Companies Act 2006 (the "Minster Scheme of Arrangement") as the most efficient and effective method of making full payment to its creditors in the shortest practical time.

10. A solvent scheme of arrangement is an agreement between a company and its creditors pursuant to which the present and future claims of creditors of the company are valued and paid in full.

11. The insurance and reinsurance contracts that will be affected by the Minster Scheme of Arrangement were written before December 31, 2000.

12. Minster did not expect the claims against it to be run off or crystallized for a number of years and therefore proposed the Minster Scheme of Arrangement as the most efficient and effective method of making full payment to persons who have, or may in the future have, a claim against Minster in relation to an insurance or reinsurance contract underwritten or entered into by Minster ("Minster Scheme Creditors") in the shortest practicable time.

13. Minster commenced the English Proceeding to obtain the English Court's approval of the Minster Scheme of Arrangement.

B. **Malvern Insurance Company Limited**

14. Malvern, which is incorporated in England and Wales, is an insurance and reinsurance company that discontinued underwriting all classes of business in December 2000. All business currently in Malvern has been in run-off since 2000. The period of coverage for all

4
ny-796748

contracts written by Malvern has expired.  Malvern's audited financial statement for the year ended December 31, 2008 is attached to the Petition and Motion as Exhibit B and reflect that Malvern is solvent.

15. Malvern was incorporated on February 18, 1954, under the name of Malvern Insurance Company Limited.  Malvern was renamed Touchline Insurance Company Limited on January 1, 1993.  On March 31, 2003, it was again named Malvern Insurance Company Limited.  Malvern was purchased by Minster in 1961, but remains a separate legal entity.

16. Malvern is headquartered in London, England and its assets are primarily located in England.

17. Malvern ceased writing new business and went into run-off in 2000.  Because Malvern expected that the run-off of its business would not be concluded for a number of years, Malvern has proposed a solvent scheme of arrangement pursuant to Part 26 of the U.K. Companies Act 2006 (the "Malvern Scheme of Arrangement") (together with the Minster Scheme of Arrangement, the "Schemes of Arrangement") as the most efficient and effective method of making full payment to its creditors in the shortest practical time.

18. The insurance and reinsurance contracts subject to the Malvern Scheme of Arrangement were written predominantly from Malvern's headquarters in London.

19. Malvern did not expect the claims against it to be run off or crystallized for a number of years and therefore proposed the Malvern Scheme of Arrangement as the most efficient and effective method of making full payment to persons who have, or may in the future have, a claim against Malvern in relation to an insurance or reinsurance contract underwritten or entered into by Malvern (the "Malvern Scheme Creditors") (together with the Minster Scheme Creditors, the "Scheme Creditors") in the shortest practicable time.

20. Malvern commenced the English Proceeding to obtain the English Court's approval of the Malvern Scheme of Arrangement.

**C. <u>The Sanction Orders</u>**

21. On March 16, 2010, the English Court issued orders approving the Minster and Malvern Schemes of Arrangement (the "Sanction Orders"). Certified copies of the Sanction Orders are attached to the Petition as Exhibits D and E. Copies of the Sanction Orders were delivered to the Registrar of Companies in England and Wales on March 25, 2010 and the Schemes of Arrangement became effective on that date (the "Effective Date"). The Final Claims Submission Date, by when all Scheme Creditors must submit their scheme claims in accordance with the Schemes of Arrangement, is September 21, 2010.

**JURISDICTION AND VENUE**

22. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting C.J.) dated July 10, 1984.

23. Pursuant to 28 U.S.C. § 157(b)(2)(A), this is a core proceeding.

24. Venue is properly located in this District in accordance with 28 U.S.C. § 1410.

## RELIEF REQUESTED

25. The Petitioner respectfully submits that the following constitutes adequate and sufficient notice of these Chapter 15 cases and the relief sought in the Petition and Motion: (a) service of the (i) Notice, (ii) Official Form Chapter 15 Petition, and (iii) Petition and Motion (without the exhibits thereto, except for Exhibit G, which is the proposed order granting the relief requested in the Petition and Motion) (collectively, the "Notice Documents"), by United States mail, first-class postage prepaid, upon all known Scheme Creditors in the United States (the "U.S. Scheme Creditors"), all brokers known to have placed business with or on behalf of the Companies in the United States and all other parties against whom relief is sought (or their counsel) at their last known address, in accordance with Bankruptcy Rule 2002(q), within three (3) business days of the entry of the order granting this application; (b) publication of the Notice in *Insurance Day*, the national edition of *The Wall Street Journal* and the international edition of *The Financial Times* (collectively, the "Notice Publications") within seven (7) business days of the entry of the order granting this application; and (c) posting the Notice Documents on the Scheme website (www.minsterins.co.uk) within seven (7) business days of the entry of the order granting this application. Accordingly, the Petitioner respectfully requests that this Court approve the foregoing manner of service of the Notice Documents pursuant to Bankruptcy Rules 2002(q), 9007 and 9008.

26. Bankruptcy Rule 1011(b) provides that a party objecting to a petition filed to commence an ancillary proceeding under Chapter 15 of the Bankruptcy Code has 20 days from the date of service of the petition to respond thereto, except that if service is made by publication on a party not residing within the state in which the court sits, the court shall prescribe the time for filing and serving the response. Fed. R. Bankr. P. 1011(b). Bankruptcy Rule 2002(q)(1)

provides that parties are to be given 20 days' notice of a hearing to consider granting the relief requested in a Chapter 15 petition. Fed. R. Bankr. P. 2002(q)(1).

27. Pursuant to Bankruptcy Rules 1011(b) and 2002(q), the Petitioner further requests that the Court set a hearing on the Petition and Motion (the "Recognition Hearing") on August 27, 2010 or as soon thereafter as the Court's calendar permits.

28. The Petitioner also requests that the Court require that any party-in-interest wishing to submit a response or objection to the Petition and Motion or the relief requested by the Petitioner must do so in accordance with the Bankruptcy Code, the Bankruptcy Rules and the local rules of this Court, and that such response or objection be in writing and set forth the basis therefor, which response or objection must be filed electronically with the Court by registered users of the Court's electronic case filing system in accordance with General Order M-242 (a copy of which may be viewed on the Court's website at www.nysb.uscourts.gov), and by all other parties-in-interest, on a 3.5 inch disc, preferably in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, which disc shall be sent to the Office of the Clerk of the Court, Room 606, One Bowling Green, New York, New York 10004-1408, and a hard copy of such response or objection shall be sent to the Chambers of the Honorable _____, United States Bankruptcy Judge, and served upon Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attention: Gary S. Lee and Kathleen E. Schaaf), U.S. counsel to Petitioner, so as to be received on or before 4:00 p.m. (New York time) five (5) business days prior to the Recognition Hearing.

29. The Petitioner further requests that the Court waive the requirement set forth in Bankruptcy Code section 1514(c), which provides that when notification of the commencement of a case is to be given to creditors outside of the United States, such notification shall, *inter*

*alia*, indicate the time period for filing proofs of claim, specify the place for filing such proofs of claim and indicate whether secured creditors need to file proofs of claim. 11 U.S.C. § 1514(c).

30. The Petitioner respectfully requests that such requirement be waived because all Scheme Creditors, including U.S. Scheme Creditors with addresses outside of the United States, will have received all of the notice required under section 1514(c) by the Companies in connection with the English Proceeding and the Schemes of Arrangement.

31. As set forth in the Saitch Declaration and in the Petition and Motion, the Companies sent notices and claim forms to each Scheme Creditor at their last known address and all agents and brokers in the London Market known or believed to have placed business with any of the Companies on behalf of the Scheme Creditors, by prepaid first class mail, by air mail or hand delivery, informing them that the Scheme of Arrangement is effective. The notice further informed Scheme Creditors of the final claims submission date.

32. In addition, the Companies caused to be published in the publications listed in the November 4, 2009 Order of the English Court (attached to the Petition as Exhibit D) a notice informing Scheme Creditors that the Schemes of Arrangement are effective and of the final claims submission date. Such notice called for all Scheme Creditors to complete and return their claim forms.

33. The Petitioner therefore respectfully requests that the Court waive the requirements set forth in section 1514 because the known potential Scheme Creditors, including the U.S. Scheme creditors of each of the Companies will receive the notice required under section 1514(c).

## BASIS FOR RELIEF REQUESTED

34. Petitioner undertook a review of the records of the Companies and based on the information reasonably available to him, compiled a list of brokers, known potential U.S. Scheme Creditors and other parties-in-interest for which the Petitioner has addresses as of the date of the filing of the Petition and Motion. To the extent that the Petitioner becomes aware of additional potential U.S. Scheme Creditors, counsel for the Petitioner will cause service to be made upon such entities within five business days and as set forth above.

35. Despite the extensive research that the Companies have conducted, the Petitioner believes that there may be additional potential U.S. Scheme Creditors for whom the Petitioner will not be able to obtain names and/or addresses. The most expedient and cost-effective means of effecting service of process upon such entities of the Recognition Hearing is by publication of the Notice in the Notice Publications. The Notice contains information on how parties-in-interest can obtain a copy of Notice Documents.

36. Finally, posting the Notice Documents on the Scheme website will further assure the availability of notice to potential U.S. Scheme Creditors.

37. Bankruptcy Rules 9007 and 9008 permit the Court to prescribe the time, form and manner in which notice shall be given, including authority to authorize the form and manner of notice by publication. Fed. R. Bankr. P. 9007 and 9008.

38. The Petitioner respectfully submits that the Court should permit service of the Notice Documents (a) by United States mail, first-class postage prepaid, upon known potential U.S. Scheme Creditors, all brokers known to have placed business with or on behalf of the Companies in the United States, and all other parties against whom relief is sought (or their counsel), in accordance with Bankruptcy Rule and 2002(a), within three (3) business days of the entry of the order granting this application; (b) publication of the Notice in the Notice

ny-796748

Publications within seven (7) business days of the entry of the order granting this application; and (c) by posting on the Scheme website (www.minsterins.co.uk), within seven (7) business days of the entry of the order granting this application, and that such service and notice constitutes adequate and sufficient notice of these Chapter 15 cases and the relief sought in the Petition and Motion.

WHEREFORE, the Petitioner respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A and that the Court grant such other and further relief as is just and proper.

Dated: New York, New York  
July 19, 2010

MORRISON & FOERSTER LLP

By: *[signature: Gary S. Lee]*  
Gary S. Lee (GL6049)  
Kathleen E. Schaaf (KS 6925)  
1290 Avenue of the Americas  
New York, New York 10104  
(212) 468-8000

Attorneys for the Petitioner

11

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>MINSTER INSURANCE COMPANY LIMITED,<br><br>Debtor in a Foreign Proceeding. | In a Case Under Chapter 15<br>of the Bankruptcy Code<br><br>Case No. 10-13899 |
| In re<br><br>MALVERN INSURANCE COMPANY LIMITED,<br><br>Debtor in a Foreign Proceeding. | In a Case Under Chapter 15<br>of the Bankruptcy Code<br><br>Case No. 10-13900 |

**ORDER SCHEDULING HEARING AND SPECIFYING THE
FORM AND MANNER OF SERVICE OF NOTICE**

Upon the application (the "Application") of James Lee Saitch, in his capacity as the foreign representative (the "Petitioner") of Minster Insurance Company Limited and Malvern Insurance Company Limited (collectively, the "Companies") for an order pursuant to Rules 1011(b), 2002(q), 9007 and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) scheduling a hearing on the relief sought in the Verified Petition for Recognition of a Foreign Main Proceeding and Motion for a Permanent Injunction and Related Relief Pursuant to 11 U.S.C. §§ 1504, 1515, 1517, 1520 and 1521 (the "Petition and Motion") filed simultaneously herewith, and (ii) specifying the form and manner of service of notice thereof; it is hereby

**ORDERED**, that a hearing to consider the relief requested in the Petition and Motion shall be held before this Court in Room ___ of the United States Bankruptcy Court for the

ny-796729

Southern District of New York, One Bowling Green, New York, New York, on _____,

2010 at _____; and it is further

      **ORDERED**, that the form of notice of hearing annexed to the Application as Exhibit B (the "Notice") is hereby approved; and it is further

      **ORDERED**, that the notice requirements set forth in section 1514(c) of the Bankruptcy Code are inapplicable in the context of this Chapter 15 case or are hereby waived; and it is further

      **ORDERED**, that copies of the (i) Notice, (ii) Official Form of Chapter 15 Petition, and (iii) Petition and Motion (with Exhibit D thereto) (the "Notice Documents) shall be served by United States mail, first-class postage prepaid, within three (3) business days of the entry of this Order, upon all Scheme Creditors in the United States (the "U.S. Scheme Creditors"), all brokers known to have placed business with or on behalf of the Companies in the United States, and other parties-in-interest against whom relief is sought (or their counsel) in accordance with Bankruptcy Rules 1010 and 7004(a) and (b) at their last known address; and it is further

      **ORDERED**, that service of the Notice shall be effected, in accordance with Bankruptcy Rules 1010, 9007 and 9008, by publication in *Insurance Day*, the national edition of *The Wall Street Journal* and the international edition of *The Financial Times* within seven (7) business days of the entry of this Order; and it is further

      **ORDERED**, that the Petitioner shall cause the Notice Documents to be posted on the Scheme website (www.minsterins.co.uk) within seven (7) business days of the entry of this Order; and it is further

      **ORDERED**, that to the extent that the Petitioner becomes aware of the names and addresses of additional potential U.S. Scheme Creditors or parties against whom relief is sought

2

ny-796729

after the date hereof, the Petitioner shall serve upon such entity copies of the (i) Notice, (ii) Official Form of Chapter 15 Petition, and (iii) Petition and Motion (with Exhibit D thereto) by United States mail, first class postage prepaid; and it is further

**ORDERED**, that responses or objections, if any, in response to the Petition and Motion shall be made in writing and setting forth the basis therefor, and such response or objection must be filed electronically with (i) the Court by registered users of the Court's electronic case filing system in accordance with General Order M-242 (a copy of which may be viewed on the Court's website at www.nysb.uscourts.gov), and by all other parties-in-interest, on a 3.5 inch disc, preferably in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, which disc shall be sent to the Office of the Clerk of the Court, One Bowling Green, New York, New York 10004-1408, and a hard copy of such response or objection shall be sent to the Chambers of the Honorable _____, United States Bankruptcy Judge, and (ii) served upon Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attention: Gary S. Lee and Kathleen E. Schaaf), U.S. counsel to the Petitioner, so as to be received on or before _____, 2010 at 4:00 p.m., New York time; and it is further

**ORDERED**, that service pursuant to this Order shall be good and sufficient service and adequate notice of the hearing to consider the relief requested in the Petition and Motion.

Dated: New York, New York
        _____, 2010

                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>MINSTER INSURANCE COMPANY LIMITED,<br><br>Debtor in a Foreign Proceeding. | In a Case Under Chapter 15<br>of the Bankruptcy Code<br><br>Case No. 10-13899 |

| | |
|---|---|
| In re<br><br>MALVERN INSURANCE COMPANY LIMITED,<br><br>Debtor in a Foreign Proceeding. | In a Case Under Chapter 15<br>of the Bankruptcy Code<br><br>Case No. 10-13900 |

NOTICE OF FILING AND HEARING ON PETITION UNDER
CHAPTER 15 OF THE UNITED STATES BANKRUPTCY CODE

**PLEASE TAKE NOTICE** that on July 19, 2010, James Lee Saitch, in his capacity as the foreign representative (the "Petitioner") of Minster Insurance Company Limited ("Minster") and Malvern Insurance Company Limited ("Malvern") (collectively, the "Companies"), filed a Verified Petition for Recognition of a Foreign Main Proceeding and Motion for a Permanent Injunction and Related Relief Pursuant to 11 U.S.C. §§ 1504, 1515, 1517, 1520, 1521 (the "Petition and Motion"), pursuant to Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code"), with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that among other things, the Petition and Motion seek the entry of an order granting recognition to the Companies' proceeding currently

ny-796769

pending before the High Court of Justice of England and Wales in the United Kingdom and granting injunctive and related relief in aid thereof.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has scheduled a hearing with respect to the Petition and Motion for __:__ _.m. on _____, 2010 (the "Recognition Hearing").

Copies of the Petition and Motion, the Declaration of James Lee Saitch in Support of the Petition and Motion, the Memorandum of Law in Support of the Verified Petition and Motion, and the form of order requested are available to parties-in-interest on the Bankruptcy Court's Electronic Case Filing System, which can be accessed from the Bankruptcy Court's website at http://www.nysb.uscourts.gov (a PACER login and password are required to retrieve a document), on the Scheme website (www.minsterins.co.uk), or upon written request to the Petitioner's United States counsel (including by facsimile or e-mail) addressed to:

> **Morrison & Foerster LLP**
> 1290 Avenue of the Americas
> New York, New York  10104
> (212) 469-7900 (facsimile)
> Attn:  Gary S. Lee, Esq.
>            glee@mofo.com
>            Kathleen E. Schaaf, Esq.
>            kschaaf@mofo.com

**PLEASE TAKE FURTHER NOTICE** that any party-in-interest wishing to submit a response or objection to the Petition and Motion or the relief requested by the Petitioner must do so in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, in writing, setting forth the basis therefor, which response or objection must be filed electronically with the Court by registered users of the Court's electronic case filing system in accordance with

General Order M-242 (a copy of which may be viewed on the Court's website, http://www.nysb.uscourts.gov) and by all other parties-in-interest on a 3.5 inch disc, preferably in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, which disc shall be sent to the Office of the Clerk of the Court, One Bowling Green, New York, New York 10004-1408.  A hard copy of any response or objection shall be sent to the Chambers of the Honorable _____, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408 and served upon Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attention:  Gary S. Lee and Kathleen E. Schaaf), United States counsel to the Petitioner, so as to be received no later than 4:00 p.m. (Eastern Time), _____, 2010.

**PLEASE TAKE FURTHER NOTICE** that all parties-in-interest opposed to the Petition and Motion or the Petitioner's request for relief must appear at the Recognition Hearing at the time and place set forth above.

**PLEASE TAKE FURTHER NOTICE** that if no response or objection is timely filed and served as provided above, the Court may grant the recognition and relief requested in the Petition and Motion without further notice.

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court, or a notice of adjournment filed with the Court, of the adjourned date or dates at the hearing or any other further adjourned hearing.

Dated: New York, New York
 _____, 2010

**MORRISON & FOERSTER LLP**

 _____
 Gary S. Lee, Esq. (GL6049)
 Kathleen E. Schaaf, Esq. (KS6925)
 Attorneys for the Petitioner
 1290 Avenue of the Americas
 New York, New York 10104
 (212) 468-8000